

**IN THE DISTRICT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT - 2 2017

RICK WARREN
COURT CLERK

| | |
|---|---|
| 1. PAULA HINCAPIE, | ) |
| Plaintiff, | ) CJ-17-40_____ |
| v. | ) CJ-2017-5599 |
| | ) JURY TRIAL DEMANDED |
| 1. DAVID STANLEY CHEVROLET, INC., | ) ATTORNEY LIEN CLAIMED |
| 2. DAVID STANLEY FORD OF MIDWEST CITY, LLC., | ) |
| Defendants. | ) |

## PETITION

**COMES NOW THE PLAINTIFF,** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Paula Hincapie, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are David Stanley Chevrolet, Inc. ("Chevrolet") and David Stanley Ford of Midwest City, LLC ("Ford"), both private, domestic companies doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for discrimination on the basis of gender, race and national origin, including creation of a hostile working environment, and retaliation after Plaintiff complained of such harassment, in violation of Title VII of the Civil Rights Act of 1964, Oklahoma's Anti-Discrimination Act (OADA). Race discrimination

1

**EXHIBIT 2**

also violates 42 U.S.C. § 1981. Plaintiff also asserts a claim for failure to pay wages in violation of Oklahoma's Protection of Labor Act (OPLA).

4. The Defendants are located and does business in Oklahoma County, and the actions giving rise to this action occurred in Oklahoma County, such that venue is proper.

## STATEMENT OF FACTS

5. Both Defendants, jointly and/or separately, employed at least fifteen employees for each of twenty or more calendar weeks in the current or proceeding calendar year and are employers under Title VII. There is no minimum employee requirement to be subject to the provisions of the OADA, the OPLA or 42 U.S.C. § 1981.

6. Defendant Chevrolet maintained the Human Resources Department for both Defendants and which was charged with investigating complaints of discrimination made by employees, including Plaintiff. Defendant Ford identified itself as Plaintiff's employer on her pay stubs. Both Defendants controlled the Plaintiff's day-to-day employment and were responsible for preventing and promptly investigating and correcting any harassment that occurred against the Plaintiff and were employers of the Plaintiff, as direct employers or as an integrated enterprise and/or joint employers, such that they are both liable (jointly and/or separately) for the claims herein.

7. The Plaintiff is female, Hispanic and was born in the country of Colombia.

8. Plaintiff began working for the Defendants around July 11, 2016. During her employment she was subjected to harassment based on her gender, race and/or national origin including, but not limited to:

   A. Plaintiff was made part of an employee group text which included employees and supervisors, which included pictures of naked women, penises, and other inappropriate pictures, in addition to repeated sexually-charged comments, such as use of the word "d*ck", references to prostitution, racist comments, and images including routinely referring to African Americans as "n*gger", pictures of Hispanic people with the word "wet back", comments that "Mexicans" are taking employee's jobs, etc. These texts were also sent by employees outside of the group chat.

   B. On a near daily basis, comments were made to and around the Plaintiff, including by co-workers and supervisors, including Jeremy Houghton[1] (Used Car Manager), Aaron Black (Sales Manager), Chris Richardson (Salesperson, promoted to Manager), Calvin Mullins (Salesperson). Examples of such unwanted comments and conduct include: talking about the size of Plaintiff's breasts and bottom, wondering aloud if Plaintiff's bottom would "bounce up and down when you ride it", wondering aloud if Plaintiff's bottom was "fake", stating that her bottom "defies gravity",

---

[1] Spelling is approximate as Plaintiff does not yet have documents showing correct spelling of employee names.

3

staring at Plaintiff's body in a lascivious manner, referring to Plaintiff as a "MILF" (Mother I'd Like to "F*ck"), propositioning Plaintiff for sex by asking Plaintiff if she would cheat on her husband. Other comments included referring to females (including female customers) as "girls", implying that "girls" make more mistakes than males and that "girls" are not fit for Plaintiff's job because the job takes "balls". These comments also included telling Plaintiff she must be a drug dealer because she's Colombian, calling Plaintiff "Mexican" and accusing her of being there to take away the jobs of non-Hispanic employees.

9. The conduct and comments described in para. 8 were objectively offensive and were offensive to the Plaintiff, such that they gave rise to a hostile working environment.

10. Plaintiff complained of the harassment around August 11, 2016, and again around August 18, 2016.

11. In response to Plaintiff's August 18, 2016, complaint, Mr. Crawford instructed Plaintiff not to take her complaints of harassment nay further, telling Plaintiff that "Even if you took it to court, no one would believe you". Mr. Crawford told Plaintiff to "move on" and stop complaining about the harassment.

12. Despite Plaintiff's complaints, the sexual harassment continued.

13. In addition, the Defendants began to retaliate against the Plaintiff, refusing to pay Plaintiff commissions on vehicles she sold and by diverting Plaintiff's customers to male employees. For instance:

A. On at least one occasion, around early September 2016, the Plaintiff sold a vehicle to a customer and was owed more than $1,000 in commissions, but Defendants refused to pay that commission.

B. On at least five occasions, Plaintiff was part of a sales team making a sale to customers. However, Defendants refused to pay Plaintiff her portion of the commissions owed. Instead, Defendants gave the full commission to non-Hispanic male employees who had not complained of harassment.

C. On at least two occasions, Plaintiff was working with a customer and was about to sell the customer a vehicle. Defendants took the customer away from the Plaintiff and assigned the customer to a non-Hispanic, male salesperson who had not complained of harassment.

14. Plaintiff's work conditions made it difficult for her to face her co-workers, resulted in her crying and dreading going to work, and feeling physically ill thinking about going to work.

15. The Plaintiff was constructively discharged around September 15, 2016.

16. As a direct result of the Defendants' conduct the Plaintiff has suffered, and continues to suffer, lost wages and benefits, including emotional distress/dignitary harm, such as worry, frustration, sadness, and similar unpleasant emotions.

17. The Plaintiff has exhausted her administrative remedies by timely filing EEOC charges of discrimination around November 1, 2016. The EEOC issued right to sue letters for both charges on July 14, 2017, and the Plaintiff received such letters

thereafter. This complaint is timely filed within ninety (90) day of her receipt of the right to sue letters. There is no exhaustion required under 42 U.S.C. § 1981 or the OPLA.

## COUNT I

Plaintiff incorporates the above allegations and further alleges:

18. Gender discrimination, including the creation of a sexually hostile working environment, and retaliation (including termination in the form of a constructive discharge) after Plaintiff complained of such harassment, violates Title VII and the OADA.

19. Under this Count Plaintiff is entitled to her wage loss (including back, present and front pay, along with the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorneys' fees and costs.

20. Because the actions of the Defendants were willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages.

21. Plaintiff is entitled to liquidated damages under the OADA.

## COUNT II

Plaintiff incorporates the above allegations and further alleges:

22. Race and national origin discrimination, including the creation of a hostile working environment, and retaliation (including termination in the form of a constructive discharge) after Plaintiff complained of such harassment, violates Title VII, the OADA and 42 U.S.C. § 1981 (for the race claim).

23. Under this Count Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorneys' fees and costs.

24. Because the actions of the Defendants were willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages.

25. Plaintiff is entitled to liquidated damages under the OADA.

## COUNT III

Plaintiff incorporates the above allegations and further alleges:

26. Failure to pay wages, violates the OPLA, 40 O.S. §§165.1, *et seq.*

27. Under this count Plaintiff is entitled to her unpaid wages, liquidated damages and attorneys' fees and costs.

28. The Defendants' conduct was willful in that the Defendants deliberately withheld wages and attempted to hide such wage withholdings.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount exceeding that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF OCTOBER, 2017.**

                HAMMONS, GOWENS, HURST
                & ASSOCIATES

                *[signature]*

                Mark E. Hammons, OBA No. 3784
                Amber L. Hurst OBA No. 21231
                325 Dean A. McGee Avenue
                Oklahoma City, Oklahoma 73102
                Telephone: (405) 235-6100
                Email: Amber@hammonslaw.com
                *Counsel for Plaintiff*
                JURY TRIAL DEMANDED
                ATTORNEY LIEN CLAIMED